# Belber, Appellant, v. Lerner.

*Contracts—Contracts for sale of real estate—Hand money—Payment—Recovery—Sufficient statement.*

In an action to recover money paid on an executory contract for the sale of real estate, a statement of claim is sufficient which avers that the money was paid on account, that the defendant had agreed to produce and deliver to the plaintiff his own deed, title insurance policy and other papers relating to title; that he refused to discharge that undertaking and that the plaintiff had been put to various expenses in the way of title insurance and examination, and that the full purchase price had been tendered in conformity with the terms of the contract, but that defendant had refused to accept the same.

Submitted October 21, 1920.  Appeal, No. 209, Oct. T., 1920, by plaintiff, from judgment of Municipal Court of Philadelphia County, Dec. T., 1919, No. 268, for defendant for want of a sufficient statement of claim in the case of David Belber v. Ely Lerner.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Assumpsit to recover money paid on account of purchase of real estate.

Rule for judgment for want of a sufficient statement of claim.

The court made absolute the rule for judgment for want of a sufficient statement of claim.  Plaintiff appealed.

*Error assigned* was the order of the court.

*J. A. Robbins,* for appellant.

*Samuel Moyerman,* for appellee.

OPINION BY HEAD, J., March 5, 1921:

The plaintiff sues to recover the hand money paid on an executory contract for the sale of real estate, and the moneys necessarily expended by him resulting from the alleged refusal of the defendant to execute the contract according to its terms.

In his amended statement the plaintiff avers the execution of the contract, a copy thereof being attached; his payment of the hand money called for, namely $100; a specific inducing promise by the defendant to at once produce and deliver to the plaintiff his own deed, title insurance policy and other papers relating to title; the refusal then and thereafter by the defendant to discharge that undertaking; the employment by plaintiff of a conveyancer, applications for title insurance and a, mortgage from a building and loan association, with a

resulting outlay of $150 by the plaintiff to pay the expenses thus necessarily incurred. It was further averred that at the special request of defendant who resided in the premises, the date of settlement was postponed until August 18th at the office of the Real Estate Title and Trust Company, when and where the defendant failed to appear. Finally that plaintiff called on defendant at his residence and tendered the full purchase price agreed upon, with a deed prepared in conformity with the contract, but defendant refused to accept the money or execute the deed. Upon the facts so averred the plaintiff founded his claim to recover the hand money paid and the expenses in good faith incurred, in all the sum of $250.

We are of opinion the statement was sufficient to put the defendant to his answer. The learned court below, however, made absolute a rule for judgment in favor of the defendant and against the plaintiff for want of a sufficient statement. No opinion was filed by the learned judge and we are therefore without information as to the reasons which prompted his action. As already said, however, our own independent examination of the record leads all of us to the conclusion the learned judge fell into error and the judgment must therefore be reversed.

Judgment reversed and a procedendo awarded.